CASE 7—PETITION EQUITY—DECEMBER 12.

## Thomas vs. Hall and wife.

### APPEAL FROM ESTILL CIRCUIT COURT.

A parol sale by a married woman of a slave acquired by her since 1846 is void. (*Sec.* 2, *chap.* 2, *Rev. Stat.*, 9; 12 *B. Mon.*, 329.)

S. TURNER, for appellant, cited 2 *Rev. Stat.*, *p.* 9; 12 *B. Mon.*, 329.

R. RIDDLE and I. N. CARDWELL, on same side.

S. M. BARNES, for appellee, cited 3 *Bibb*, 244; 4 *Bibb*, 346, 458, 518; *Litt. Sel. Cases*, 161.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This appeal is prosecuted to reverse a judgment obtained against the appellant by the appellees (husband and wife)

for the price promised to the wife for a slave, orally sold by her to the appellant, the title to which was acquired by the vendor since the statute of 1846 for protecting the rights of married women.

According to the only consistent construction of the 2d section of the 2d article of the Revised Statutes, page 9, Stanton's Revised Statutes, such a contract was void, as virtually adjudged by this court in Johnson and wife vs. Jones (12 *B. Mon.*, 329).

The bill of sale tendered, when the payment was demanded, was neither signed by the husband nor acknowledged by the wife as required in sales and conveyances of the lands of married women, and, therefore, required in the sales of their slaves. The appellant was, therefore, absolved from all legal obligation to pay.

Wherefore, the judgment against her is reversed, and the cause remanded for a new trial.